UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Norton and Matthew Day, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Pizza Luce, Inc., Pizza Luce II, Inc., Pizza Luce III, Inc., Pizza Luce IV, Inc., Pizza Luce V, Inc., Pizza Luce VI, Inc., Pizza Luce VII, Inc., Pizza Luce VIII, Inc., Pizza Luce IX, Inc., JJ Haywood, Laura Hansen, Joe Baier, Doe Corporation, *1-10*, John Doe, *1-10*,<br><br>Defendants. | Civil No. 23-1746 (DWF/DTS)<br><br><br><br>ORDER |

This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement. (Doc. No. 70.) The Court held a Final Fairness Hearing on February 4, 2025, in Courtroom 7C at the United States Courthouse, 316 N. Robert Street, St. Paul, MN 55101.

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Unopposed Motion for Final Settlement Approval (Doc. No. [70]) is **GRANTED.** The parties' settlement agreement, (Doc. No. 68-1), is **APPROVED** as fair, adequate, and reasonable.

2. Plaintiffs Elizabeth Norton and Matthew Finley Day asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Minnesota Fair

Labor Standards Act ("MFLSA"), Minn Stat. § 177.21, *et seq.*, the Minnesota Payment of Wages Act, Minn. Stat. § 181.101, Minneapolis, Minn., Code of Ordinances, tit. 2, ch. 40, art. IV, § 40.320, *et seq.*, and for unjust enrichment against Defendants, the Pizza Luce restaurants.[1]  (Doc. No. 49.)  Plaintiffs allege that Defendants required their pizza delivery drivers to use their own cars to make deliveries, but did not adequately reimburse the drivers for the vehicle costs they incurred on the company's behalf, resulting in a minimum wage violation.  *Id.* ¶¶ 101-26, 227-58, 264-71.  Plaintiffs also allege that they were required to participate in an illegal tip pool that included non-tipped employees such as driver routers and phone answerers, in violation of the FLSA and MFLSA.  *Id.* ¶¶ 127-34, 227-58.  Plaintiffs also allege that Defendants have been unjustly enriched by their vehicle policy.  *Id.* ¶¶ 136-46, 259-63.  Defendants disputed these claims.

      3.      On September 1, 2023, before Defendants responded to Plaintiffs' pending Motion for FLSA Conditional Certification, the Court stayed the case to allow the parties to attend mediation.  (Doc. No. 50.)

      4.      On June 26, 2024, Plaintiffs filed an Unopposed Motion for Preliminary Settlement Approval.  (Doc. No. 61.)

---

[1] The named Defendants are:  Pizza Luce, Inc.; Pizza Luce II, Inc.; Pizza Luce III, Inc.; Pizza Luce IV, Inc.; Pizza Luce V, Inc.; Pizza Luce VI, Inc.; Pizza Luce VII, Inc.; Pizza Luce VIII, Inc.; Pizza Luce IX, Inc.; JJ Haywood; Laura Hansen; Joe Baier; Doe Corporation 1-10; John Doe 1-10.

5. On September 6, 2024, the Court certified a class of pizza delivery drivers employed at any Pizza Luce restaurant location between June 9, 2020, and March 31, 2024, and preliminarily approved the settlement. (Doc. No. 68.)

6. On October 9, 2024, the Claims Administrator disseminated the Notice of Settlement to 420 class members via U.S. First Class mail and email. The Administrator reports that the notice was successfully delivered to each class member through one or both mediums. The class members have received the best notice of the settlement practicable under the circumstances. Fed. R. Civ. P. 23(e)(1). No class member has objected to the settlement or opted out of the settlement.

7. On February 4, 2025, the Court held a Final Fairness Hearing.

8. The Court finds that the settlement agreement entered into between the parties is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). The class representative and class counsel have adequately represented the class, the proposal was negotiated at arm's length, and the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(A), (B), (D). Most importantly, the relief provided to the class is adequate taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method for distributing relief to the class, terms of any proposed attorneys' fee award, including the timing of payment, and any related agreements. Fed. R. Civ. P. 23(e)(2)(C); *see In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) ("The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'").

9. No class members have objected to the settlement. Fed. R. Civ. P. 23(e)(5).

10. The Court preliminarily approved the service awards of $10,000 each to Plaintiffs Norton and Day, subject to any objections. (Doc. No. 68 ¶ 10.) Having heard no objections, the Court approves the service awards and associated general release agreements. Fed. R. Civ. P. 23(e)(3).

11. The Court provisionally approved the attorneys' fees in the amount of one-third of the settlement fund and reimbursement of litigation costs, subject to any objections at the Final Fairness Hearing. (Doc. No. 68 ¶ 9.) Having heard no objections, the Court approves the attorneys' fees and costs.

12. The parties are ordered to carry out the settlement pursuant to its terms. The Court will retain jurisdiction over any disputes that may arise while the settlement is carried out.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2025
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge